RAWLS, Judge.
Appellee-plaintiff Buck filed this suit to quiet title to Government Lots 1, 2, and 3, Section 3, Township 1 South, Range 28 East, Duval County, Florida Plaintiff deraigned his title by a uninterrupted chain which originated in Patent # 16 dated June 23, 1882, from the United States of America to the State of Florida, pursuant to the Swamp and Overflow Act of 1850.[1]
Appellants-defendants filed an answer and counterclaimed to quiet title to the same lands. Defendants based their claim of title by an uninterrupted chain which originated in a United States of America Patent # 1181810 dated April 29,1958, pursuant to the provisions of Chapter 7, Title 32, Revised Statutes of the United States, and legislation supplemental thereto.
The sole issue before the trial court and now submitted to this court is whether Patent # 16, in conveying “[t]he whole of fractional sections . . . three”, conveyed the surveyed lots in Section 3 to the State of Florida. Defendants contend that Patent # 16 only conveyed the unsurveyed portion of Section 3 to the State of Florida. The trial court held, inter alia:
“The ‘Swamp Lands’ Act of 1850, and Patent No. 16, issued in 1882, effectively vested title to said Lots 1, 2, and 3 in the State of Florida, so that Patent Number 1181810 issued in 1958 was ineffective to vest any right or interest in said lots in Simon S. Porter.”
and quieted title to same in plaintiff.
Defendants, in arguing that the trial court failed to consider what the character of the subject land was on the date Patent # 16 was issued, reason that since the contested lots were surveyed in 1850 and established to be upland and cultivatable in character, title to same could not have vested in the State of Florida under the “Swamp Lands Act”. Their argument fails for several reasons. First, it is undisputed that surveyed Lots 1, 2, and 3 are a part of fractional Section 3. Second, the evidence is not undisputed that these lands were not swamp and overflow lands in the year 1850. *371 Third, Patent # 16 recites that the lands described therein (the whole of fractional section three) had been selected as “ ‘Swamp and Overflowed Lands,’ inuring to the said State [Florida] under the act aforesaid [Swamps Lands]”. Fourth, the object of a United States curative statute[2] has been construed to extinguish any right the government may have in the land and vest a perfect title in the adverse holder, after six years from date of the patent, regardless of any mistake or error in the land department or fraud or imposition of the patentee.[3]
The United States of America, having in 1882 conveyed to the State of Florida the whole of fractional Section 3 “[t]o have and to hold ... in fee simple, and to its assigns forever”, was without any lawful authority some 76 years later, through the opinion of a federal functionary, to convey the same land. Defendants’ Patent # 1181810 is nothing more than a “wild deed”.
AFFIRMED.
BOYER, C. J., and MELVIN, WOODROW M., Associate Judge, concur.

. Pertinent parts of Patent #16 provide:
“WHEREAS, by the act of Congress approved September 28, 1850, entitled ‘An Act to enable the State of Arkansas and other States to reclaim the “Swamp Lands” within their limits,’ it is provided that all the ‘Swamp and Overflowed Lands,’ made unfit thereby for cultivation, within the State of Florida which remained unsold at the passage of said act, shall be granted to said State:
“AND WHEREAS, in pursuance of instructions from the General Land Office of the United States, the several tracts or parcels of land hereinafter described have been selected as ‘Swamp and Overñowed Lands,’ inuring to the said State under the act aforesaid, situate in the District of Lands subject to sale of St. Augustine and Gainesville, Fla., to wit:
“Township one (1) South Range twenty eight (28) East, the whole of fractional sections one, two, three. . . .

“Now, therefore know ye, that the United States of America in consideration of the premises, and in conformity with the Act of Congress aforesaid, Have Given and Granted, and by these presents Do Give and Grant, unto the said State of Florida, in fee simple, subject to the disposal of the Legislature thereof, the tracts of land above described.
“To have and to hold the same together with all the rights, privileges immunities, and appurtenances thereto belonging unto the said State of Florida, in fee simple, and to its assigns forever.” (Emphasis supplied.)

. 43 U.S.C. § 1166 (1970) (Act of March 3, 1891).

. United States v. Winona & St. Peter R. Co., 165 U.S. 463, 17 S.Ct. 368, 41 L.Ed. 789 (1897); see also Hogan v. United States, 72 F.2d 799 (9th Cir. 1934), cert. den., 295 U.S. 752, 55 S.Ct. 833, 79 L.Ed. 1696 (1935).